ISHEE, J.,
for the Court:
¶ 1. On October 20, 2011, Jackson Williams Jr. pleaded guilty in the Tunica County Circuit Court to one count of aggravated assault. He was sentenced to twelve years, with five years of post-release supervision (PRS), all within the custody of the Mississippi Department of Corrections (MDOC). Subsequently, Williams filed a motion to vacate his judgment and sentence. The circuit court, treating it as a motion for post-conviction relief (PCR), dismissed the motion. Williams appeals. Finding no error, we affirm the circuit court’s judgment.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶2. On April 20, 2009, Williams was convicted by a jury in the circuit court of one count of aggravated assault and one count of felon in possession of a deadly weapon. He was sentenced to fifteen years for the conviction of aggravated assault and five years for the conviction of felon in possession of a deadly weapon, all to be served in the custody of the MDOC. Williams appealed both convictions.
¶ 8. On June 15, 2010, this Court reversed and remanded the conviction of aggravated assault, and reversed and rendered the conviction of felon in possession of a deadly weapon.[1] Williams entered a “best-interest” guilty plea to the aggravated-assault charge pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), on October 20, 2011. Williams was resentenced to twelve years, with credit for time served, to be followed by five years of PRS, all in the custody of the MDOC.
¶ 4. On May 31, 2012, Williams filed a motion to vacate and set aside his judgment and sentence. This motion was filed under the original criminal cause number and not as a separate civil action. The circuit court became aware of the motion only after receiving a petition for a writ of mandamus that was filed by Williams with the Mississippi Supreme Court on October 5, 2012. On October 17, 2012, the circuit court, treating the motion as a PCR motion, summarily dismissed it. Subsequently, the supreme court dismissed Williams’s petition for a writ of mandamus as moot following the circuit court’s dismissal of Williams’s PCR motion.
¶ 5. Williams filed his notice of appeal on November 6, 2012. On that same day, he also filed a motion entitled “Objection Rebuttal to Circuit Court[’]s Response to Writ of Mandamus, Dismissal Order on Motion to Vacate and Set Aside Conviction and Sentence, Also Motion for This Court to Expand the Records and Provide Fact Finding Due Process and Emergency Appeal.” Through this motion, Williams asked the supreme court to expedite his appeal, remand the matter to the circuit court with an instruction to dismiss the charges against him, and order the MDOC to release him immediately. The supreme *1244 court denied Williams’s request to expedite his appeal, and found that all other requests shall be determined in due course with the appeal. As such, Williams now appeals.
DISCUSSION
¶ 6. A summary dismissal of a PCR motion is proper “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief....” Miss.Code Ann. § 99-39-11(2) (Supp.2013). A trial court’s dismissal of a PCR motion will not be disturbed unless the decision was clearly erroneous. Jackson v. State, 67 So.3d 725, 730 (¶ 16) (Miss.2011) (citing Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999)). Questions of law are reviewed de novo. Id.
¶ 7. Williams alleges the following errors on appeal: (1) a defective indictment, the denial of bail, as well as his right to a speedy trial; (2) judicial misconduct due to the denial of fact findings and the occurrence of a “mob trial”; (3) entitlement to “emergency relief and rights to compulsory process to expand the record”; and (4) ineffective assistance of counsel.
¶ 8. Williams first asserts that his indictment was defective. In his motion to the circuit court, Williams alleged that the original indictment was defective since the language in the count of aggravated assault failed to include “serious” bodily injury. On appeal, Williams asserts that the original indictment against him was illegally obtained by false testimony and evidence. Further, he argues that this Court’s decision to reverse and remand on the charge of aggravated assault did not cure the defects in the indictment.
¶ 9. “[A] defendant waives all technical and non-jurisdictional defects contained in the indictment by pleading guilty.” Edwards v. State, 90 So.3d 637, 642 (¶ 12) (Miss.Ct.App.2012) (citing Clark v. State, 54 So.3d 304, 308 (¶ 9) (Miss.Ct.App.2011)). “The only exceptions to this waiver are if the indictment fails to charge an essential element of the crime or the court lacks subject-matter jurisdiction.” Whatley v. State, 123 So.3d 461, 467 (¶ 14) (Miss.Ct.App.2013) (citing Kincaid v. State, 711 So.2d 873, 877 (¶20) (Miss.1998)). It is clear from the record that these exceptions do not apply in the present case. Williams also argues that he was denied bail and his right to a speedy trial. However, “[a] valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial.” Montalto v. State, 119 So.3d 1087, 1096 (¶ 20) (Miss.Ct.App.2013) (citing Anderson v. State, 577 So.2d 390, 391 (Miss.1991)).
 ¶ 10. It is well settled that a guilty plea is valid so long as it was “voluntarily and intelligently made by the criminal defendant before the trial court.” Burrough v. State, 9 So.3d 368, 373 (¶ 11) (Miss.2009) (citing King v. State, 738 So.2d 240, 241 (¶¶ 3-5) (Miss.1999)). “To determine whether the plea is voluntarily and intelligently given, the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea.” Id. (citing Harris v. State, 806 So.2d 1127, 1130 (¶ 9) (Miss.2002)).
¶ 11. On October 20, 2011, Williams filed his petition to enter his plea of guilty. In doing so, Williams acknowledged that he offered this guilty plea freely and knowingly. He conceded that he was pleading guilty to the charge of aggravated assault as set forth in the indictment in this cause. He also affirmed that he was informed of the maximum and minimum sentences for aggravated assault and *1245 that, by pleading guilty, he would be waiving all constitutional rights set forth in the petition. As such, Williams’s guilty plea was voluntarily and intelligently given. Therefore, we find that these issues—the defective indictment, the denial of bail, the right to a speedy trial—were waived and are without merit.
¶ 12. In his next issue, Williams asserts that judicial misconduct occurred due to the denial of fact findings and the conducting of a “mob trial.” Williams argues that the circuit court did not have a factual basis for accepting his guilty plea and that a “mob trial” occurred when the circuit court judge acted with animosity towards Williams because his case had been remanded. We disagree.
¶ 13. It is clear from the record that the circuit court had a factual basis for accepting Williams’s guilty plea. Specifically, the circuit court found that “the [cjourt was able to distinguish the factual basis of the conviction as to Count I [ (aggravated assault) ] without regard to the allegations as contained in Count II [ (of felon in possession of a deadly weapon) ] and the proof adduced in support of Count II[.]” The remaining assertions that judicial misconduct occurred due to a “mob trial” are unsupported by the facts in the record.
Our supreme court ha[s] stated that “we must decide each case by the facts shown in the record, not assertions in the brief, however sincere counsel may be in those assertions. Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them”.
McCullough v. State, 47 So.3d 1206, 1211 (¶ 18) (Miss.Ct.App.2010) (quoting Mason v. State, 440 So.2d, 318, 319 (Miss.1983)). Since the record lacks evidence of judicial misconduct, we find that this issue is without merit.
¶ 14. In his third issue, Williams maintains that he is entitled to “emergency relief and rights to compulsory process to expand the record.” Williams asserts that he is falsely imprisoned because he had to file a request for a writ of mandamus to obtain a ruling on his PCR motion. He argues that, given his age and the length of his incarceration, he is entitled to the aforementioned relief. We disagree.
¶ 15. The circuit court admitted in its order summarily dismissing Williams’s PCR motion that Williams’s motion was not acknowledged until the request for a writ of mandamus that was filed with the supreme court was brought to its attention. The circuit court explained that this confusion was due to the motion being filed in the original criminal file, and not as an original civil action as required by Mississippi Code Annotated section 99-39-7 (Supp.2013). Finding this to be a procedural deficiency, the circuit court chose to address the substance of the motion in an effort to expedite the resolution of the issues. As such, we find that the circuit court was not erroneous, and Williams is not entitled to relief. This issue is also without merit.
¶ 16. In his final issue, Williams argues that he was denied effective assistance of counsel. In his PCR motion, Williams alleged that his counsel prejudiced his defense by failing to object to the defective indictment. On appeal, Williams directs the Court’s attention to Wilson v. State, 577 So.2d 394 (Miss.1991), for examples of issues regarding ineffective assistance of counsel similar to the present case.
¶ 17. In order to make a claim based on ineffective assistance of counsel, Williams must prove that his counsel’s *1246 performance was deficient and that his defense was prejudiced by his counsel’s deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). “In the context of guilty pleas, this means the defendant must show that, were it not for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.” Ivy v. State, 103 So.3d 766, 769 (¶ 11) (Miss.Ct.App.2012) (citation omitted).
¶ 18. Williams asserts that he received ineffective assistance of counsel but fails to offer any evidence but his own assertions to support this claim. “A petitioner must produce more than conclusory allegations on a claim of ineffective assistance of counsel.” McCray v. State, 107 So.3d 1042, 1045 (¶ 12) (Miss.Ct.App.2012) (citation omitted). “In cases involving post-conviction collateral relief, where a party offers only his affidavit, then his ineffective[-]assistance[-]of[-]counsel claim is without merit.” Watts v. State, 97 So.3d 722, 726 (¶ 12) (Miss.Ct.App.2012) (citations omitted). Accordingly, we also find this issue to be without merit. As such, we affirm the judgment of the circuit court.
¶ 19. THE JUDGMENT OF THE TU-NICA COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TUNICA COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. See Williams v. State, 37 So.3d 717, 718 (¶ 2) (Miss.Ct.App.2010).