# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-00379-COA

KEVIN THOMAS A/K/A "KK"                                                          APPELLANT

v.

STATE OF MISSISSIPPI                                                             APPELLEE

DATE OF JUDGMENT:                09/17/2012
TRIAL JUDGE:                     HON. JOHNNIE E. WALLS JR.
COURT FROM WHICH APPEALED:       COAHOMA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          EARNESTINE ALEXANDER
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: STEPHANIE BRELAND WOOD
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:         MOTION FOR POST-CONVICTION RELIEF
                                 DISMISSED
DISPOSITION:                     AFFIRMED - 03/24/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., BARNES, ROBERTS AND MAXWELL, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     In 2001, Kevin Thomas, along with two accomplices, was charged with armed robbery of a jewelry store and brandishing a knife at the store employees. On February 22, 2011, Thomas appeared before the Coahoma County Circuit Court and pleaded guilty to the charge.[1] He was sentenced to fifteen years in the custody of the Mississippi Department of

---

[1] Although indicted for the armed robbery in 2001, Thomas did not enter his guilty plea until 2011, as he was immediately remanded into the custody of the State of Illinois to face pending charges in that state. He completed that sentence in December 2010 and was returned to Mississippi for arraignment.

Corrections, which was to run consecutively to any and all other sentences previously imposed, with ten years to serve and five years of post-release supervision. He was also ordered to pay $500 to the Victims' Compensation Fund and a fine of $1,000.

¶2. On February 22, 2012, Thomas filed a motion to vacate his sentence and conviction and other post-conviction relief (PCR), raising issues of whether his guilty plea was knowingly and intelligently given and whether he received ineffective assistance of counsel. After a hearing on August 29, 2012, the trial court dismissed Thomas's motion. Thomas now appeals.[2]

¶3. Finding no error, we affirm.

**STANDARD OF REVIEW**

¶4. A trial court may summarily dismiss a PCR motion "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]" Miss. Code Ann. § 99-39-11(2) (Supp. 2014). "[D]ismissal of a PCR motion is proper where it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *O'Cain v. State*, 120 So. 3d 482, 484 (¶7) (Miss. Ct. App. 2013) (quoting *Anderson v. State*, 89 So. 3d 645, 649 (¶5) (Miss. Ct. App. 2011)). Unless the trial court's factual findings are "clearly erroneous," we will not disturb them on appeal. *Carroll v. State*, 120 So. 3d 471, 473 (¶3) (Miss. Ct. App. 2013) (quoting *Callins v. State*, 975 So. 2d 219, 222 (¶8) (Miss.

---

[2] The circuit court's order dismissing the PCR motion was signed on September 17, 2012; however, the circuit clerk's file stamp on the order is dated February 21, 2013. Thomas filed his notice of appeal on February 22, 2013; therefore, his appeal was timely filed under Rule 4 of the Mississippi Rules of Appellate Procedure.

2008)).

## DISCUSSION

**I.**     **Whether Thomas's guilty plea was voluntarily, knowingly, and intelligently given.**

¶5.     Thomas claims that he did not have a complete understanding of the charge to which he pled guilty, since his plea petition did not provide the elements of the crime.  However, Paragraph 12 of Thomas's guilty-plea petition states:  "I have received a copy of the indictment or information filed against me in this case and have either read it to myself or had it read and explained to me.  I fully understand the charges against me."  Thomas signed the individual page where this paragraph is located.

¶6.     Furthermore, the petition, which Thomas signed and acknowledged, reads:

> In connection with my plea of guilty to the charge(s) as stated in Paragraph 7, above, I am making this petition with the assistance of and in the presence of my attorney in order to show and demonstrate to this Honorable Court, that *I am knowingly, intelligently, understandingly, freely and voluntarily entering my plea of guilty to this/these crime(s)*.

(Emphasis added).  Paragraph 28 also states:

> I OFFER MY PLEA OF GUILTY FREELY AND VOLUNTARILY, OF MY OWN FREE WILL AND ACCORD, WITH FULL UNDERSTANDING OF ALL THE MATTERS SET FORTH IN THE INDICTMENT AND IN THIS PETITION, AND IN THE CERTIFICATE OF MY ATTORNEY WHICH IS ATTACHED TO THIS PETITION.

Accordingly, we find nothing in the record to indicate Thomas was unaware of the charge for which he was pleading guilty.

¶7.     Thomas also contends there was no factual basis provided to the trial court to support the charge of armed robbery.  We find no merit to this argument.  The State recited the

3

following at Thomas's plea hearing:

> Your Honor, in Cause No. 2001-0086, the Grand Jury of Coahoma County charged and the State of Mississippi would prove at trial that Douglas Bailey, Kevin Thomas, also known as "KK," and Jerry Lewis Streeter, in this particular case only Kevin Thomas remains, late of Coahoma County, Mississippi, on or about December 5, 2000, in the County and State aforesaid and within the jurisdiction of this Court, did individually or while aiding and abetting and/or acting in concert with each other, did unlawfully and feloniously take from the person or from the presence of Joyce Porter and Tomesha Pettis, P-E-T-T-I-S, approximately $109,000.00 in jewelry, the personal property of Freidman's Inc., d/b/a Friedman's Jewelers, and against the will of Joyce Porter and Tomesha Pettis by putting the aforesaid persons in fear of immediate injury to their persons by the exhibition of a deadly weapon, to-wit: a knife, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Mississippi.

The trial judge then asked Thomas if he heard and understood the charges read by the district attorney; Thomas replied, "Yes, sir." In paragraph 20 of Thomas's guilty-plea petition, he acknowledged that the State had presented to him "the facts and other evidence it would present at trial to prove my guilt beyond a reasonable doubt[.]" Thus, we find there was a sufficient factual basis for the trial judge to accept Thomas's guilty plea.

¶8. Accordingly, we find that Thomas's guilty plea was voluntarily, knowingly, and intelligently given.

> **II.** **Whether defense counsel's failure to investigate, develop, and present available mitigation evidence constituted ineffective assistance of counsel.**

¶9. Thomas further contends that his counsel failed to bring mitigation evidence to the trial court's attention, and this failure constituted ineffective assistance of counsel. Specifically, Thomas refers to a threatening letter allegedly written to one of the victims by Gregory Bailey, a co-indictee, in which Bailey states that he forced Thomas to rob the

4

jewelry store.

¶10.    We have already concluded that Thomas entered his guilty plea voluntarily and intelligently.  "A voluntary guilty plea waives claims of ineffective assistance of counsel, 'except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.'" *Fortenberry v. State*, 151 So. 3d 222, 225 (¶10) (Miss. Ct. App. 2014) (quoting *Hill v. State,* 60 So. 3d 824, 827 (¶6) (Miss. Ct. App. 2011)).  Therefore, the defendant "must demonstrate that his counsel's 'conduct proximately resulted in the guilty plea, and that but for counsel's errors, he would not have entered the plea.'" *Id*. at (¶11) (quoting *Cole v. State,* 918 So. 2d 890, 894 (¶10) (Miss. Ct. App. 2006)).  Furthermore, "in cases involving post-conviction collateral relief, where a party offers only his affidavit, then his ineffective-assistance-of-counsel claim is without merit." *Id*. (quoting *Cherry v. State,* 24 So. 3d 1048, 1051 (¶6) (Miss. Ct. App. 2010)).

¶11.    Thomas has provided no affidavit in support of his claim.  Furthermore, he has offered no evidence that his attorney was aware of the letter allegedly written by Bailey, nor has he established what the outcome of any investigation into the letter would have been.  The circuit court held an evidentiary hearing on Thomas's PCR motion, during which his defense attorney testified that he had represented Thomas at his guilty-plea hearing and that he had received correspondence from the State concerning an amendment to Thomas's indictment to include habitual-offender status.  However, as Thomas did not waive his attorney-client privilege, his attorney could provide no further testimony.

¶12.    At the plea hearing, the trial court asked Thomas if he was satisfied with his attorney's

5

services; he answered in the affirmative.

> BY THE COURT:    Are you satisfied with the services of your attorney?
>
> BY MR. THOMAS:    Yes, sir.
>
> . . . .
>
> BY THE COURT:    Do you believe that your attorney has properly represented you at all stages of your case in which he has been involved?
>
> BY MR. THOMAS:    Yes, sir.
>
> . . . .
>
> BY THE COURT:    Well, let me ask you this: As far as you know, you will not criticize or say he didn't do anything, didn't represent you properly in this case we're talking about here today?
>
> BY MR. THOMAS:    No, sir.

"[S]tatements made in open court under oath 'carry a strong presumption of veracity.'" *Cane v. State*, 109 So. 3d 568, 571-72 (¶12) (Miss. Ct. App. 2012) (quoting *Nichols v. State,* 955 So. 2d 962, 965 (¶6) (Miss. Ct. App. 2007)). Additionally, paragraph 26 of Thomas's signed plea petition reads, in part: "I believe that my attorney has done all that he/she could do to counsel and assist me. I AM SATISFIED WITH THE ADVICE AND ASSISTANCE THAT MY ATTORNEY HAS GIVEN ME."

¶13. "A petitioner must produce more than conclusory allegations on a claim of ineffective assistance of counsel." *Williams v. State*, 145 So. 3d 1241, 1246 (¶18) (Miss. Ct. App. 2014) (quoting *McCray v. State*, 107 So. 3d 1042, 1045 (¶12) (Miss. Ct. App. 2012)). Thomas's

in-court statements that he was satisfied with counsel's performance, coupled with the complete absence of any proof to support his argument, causes his claim to fail.

¶14.    As Thomas has brought no set of facts showing he is entitled to relief, we affirm the trial court's dismissal of Thomas's PCR motion.

¶15.    **THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**