# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00664-COA

JOHN BEVALAQUE A/K/A JOHN MCANDREW                    APPELLANT
BEVALAQUE A/K/A JOHN M. BEVALAQUE
A/K/A JOHN ANDREW BEVALAQUE

v.

STATE OF MISSISSIPPI                                   APPELLEE

DATE OF JUDGMENT:             03/24/2015
TRIAL JUDGE:                  HON. WILLIAM E. CHAPMAN III
COURT FROM WHICH APPEALED:    RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       MICHAEL HADEN LAWYER
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: LISA L. BLOUNT
NATURE OF THE CASE:           CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION:      PETITION FOR POSTCONVICTION RELIEF
                              DISMISSED
DISPOSITION:                  AFFIRMED - 08/02/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., WILSON AND GREENLEE, JJ.**

**LEE, C.J., FOR THE COURT:**

## FACTS AND PROCEDURAL HISTORY

¶1.     John Bevalaque was indicted on May 20, 2011, in the Circuit Court of Rankin County,

on seven counts of exploitation of a child under Mississippi Code Annotated section 97-5-33

(Supp. 2011).  Bevalaque pleaded guilty to six counts, and the remaining count was nolle

prosequied.  On November 30, 2011, the circuit court accepted Bevalaque's guilty plea and

sentenced him to thirty-five years on each count, with ten years suspended, in the custody of

the Mississippi Department of Corrections and five years of supervised probation.  The

sentences were ordered to run concurrently. And Bevalaque was ordered to pay court costs of $413 and a fine of $50,000 on each count, but the circuit court suspended the fine in Counts II through VI. The judgment of conviction was filed on December 12, 2011.

¶2. Bevalaque filed a motion for postconviction relief (PCR) on December 12, 2014, claiming (1) his guilty plea was not knowing or voluntary, and (2) he received ineffective assistance of counsel. The circuit court dismissed Bevalaque's PCR motion without a hearing. Bevalaque timely appeals.

## STANDARD OF REVIEW

¶3. A circuit court may dismiss a PCR motion without a hearing "if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." *Thomas v. State*, 159 So. 3d 1212, 1214 (¶4) (Miss. Ct. App. 2015) (quoting Miss. Code Ann. § 99-39-11(2) (Rev. 2015)). When reviewing a denial of a PCR motion, we will only disturb the circuit court's factual findings if they are clearly erroneous. *Id.*

## DISCUSSION

### I. Knowing and Voluntary Plea

¶4. In his first issue, Bevalaque claims his guilty plea was entered into unknowingly and involuntarily. He argues that because of his mental illness and his prescribed medications, he was unable to comprehend his rights, the nature of the charges against him, and the consequences of his plea.

¶5. However, the circuit court questioned Bevalaque about his mental illness and

2

prescribed medications:

Q:      Are you under the influence of any drugs or alcohol?

A:      No, sir.

Q:      Have you ever been treated for any mental illness or disorder?

A:      Yes, sir.

Q:      What was that?

A:      Manic depression, and also manic depression here while I've been incarcerated.

Q:      What kind of medication are you taking?

A:      Six hundred milligrams of lithium per day, and thirty milligrams of Prozac.

Q:      Did you read and sign your petition to enter a guilty plea?

A:      [Pause].  Yes, sir.

Q:      . . . Do you understand everything in it?

A:      Umm, yes, sir.

¶6.     Then the circuit court thoroughly questioned Bevalaque about the waiver of certain rights—including the right to trial by jury, the right to confront witnesses, and the right to protection against self-incrimination; the charges against him—including the elements of the crime; and the consequences of his guilty plea—including the minimum and maximum sentences and fines.

¶7.     Bevalaque also argues his attorney coerced him into entering the guilty plea. However, during the plea hearing, Bevalaque was questioned about the voluntariness of his

3

plea:

> Q: Have any threats been made against you or has there been any use of force or intimidation that might have caused you to change your plea from not guilty to guilty?
>
> A: No, sir.
>
> Q: Have any promises or hope of reward been made to you in return for your changing your plea from not guilty to guilty?
>
> A: No, sir.
>
> Q: After your discussions with your attorney, are you the one that decided to plead guilty?
>
> A: Yes, sir.
>
> Q: Are you telling the court that you're freely and voluntarily admitting your guilt to the crimes you are pleading guilty to?
>
> A: Yes, sir.

¶8. Thus, we find the plea transcript shows Bevalaque's guilty plea was knowing and voluntary. *See id.* at 1216 (¶12) (finding "[s]tatements made in open court under oath 'carry a strong presumption of veracity'"). While "an attack on a facially correct plea may survive summary dismissal if supporting affidavits of other persons are attached," Bevalaque attached no such evidence to his PCR motion. *Mitchener v State*, 964 So. 2d 1188, 1194 (¶15) (Miss. Ct. App. 2007). This issue is without merit.

**II.     Ineffective Assistance of Counsel**

¶9. In his second issue, Bevalaque claims his counsel was ineffective for (1) failing to conduct any meaningful investigation, (2) failing to ascertain whether Bevalaque was competent to enter a guilty plea or assist in his own defense, (3) failing to properly advise

4

Bevalaque of possible defenses, elements of the crime, or consequences of entering a guilty plea, and (4) coercing Bevalaque into pleading guilty and agreeing to a disproportionate sentence.

¶10. We have already concluded that Bevalaque entered his guilty plea knowingly and voluntarily. "A voluntary guilty plea waives claims of ineffective assistance of counsel, 'except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.'" *Thomas,* 159 So. 3d at 1215 (¶10) (quoting *Fortenberry v. State*, 151 So. 3d 222, 225 (¶10) (Miss. Ct. App. 2014)). When a defendant pleads guilty, and later asserts ineffective assistance of counsel, he "must demonstrate that his counsel's 'conduct proximately resulted in the guilty plea, and that but for counsel's errors, he would not have entered the plea.'" *Id.* (quoting *Fortenberry*, 151 So. 3d at 225 (¶11)).

¶11. But Bevalaque provides nothing beyond his own assertions. *See Ealey v. State*, 967 So. 2d 685, 691 (¶18) (Miss. Ct. App. 2007) ("It is firmly established that mere allegations are insufficient to entitle a defendant to an evidentiary hearing on a postconviction claim of ineffective assistance of counsel."). Furthermore, Bevalaque's assertions are contradicted by his prior sworn testimony about his counsel's representation. *See Mitchener*, 964 So. 2d at 1194 (¶15) (holding that, where a PCR movant's assertions are overwhelmingly contradicted by the "unimpeachable documentary evidence in the record," such as the movant's prior sworn testimony, the court may conclude the allegations are a "sham" and no hearing is required). This issue is without merit.

¶12. **THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED.**

5

**ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**