# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00150-COA

JOHN McANDREW BEVALAQUE                                    APPELLANT

v.

STATE OF MISSISSIPPI                                         APPELLEE

DATE OF JUDGMENT:              01/07/2021
TRIAL JUDGE:                   HON. DEWEY KEY ARTHUR
COURT FROM WHICH APPEALED:     RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        JOHN McANDREW BEVALAQUE (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: SCOTT STUART
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 04/26/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., McCARTY AND SMITH, JJ.

### McCARTY, J., FOR THE COURT:

¶1. In 2011, a man pleaded guilty to six counts of child exploitation. He now appeals the dismissal of his third PCR motion alleging that he satisfies the statutory exception for newly discovered evidence based upon an affidavit submitted by his ex-wife. He also argues that he satisfies the fundamental-constitutional-rights exception because the State unlawfully charged him with multiple counts of child exploitation. Finding no error, we affirm.

### BACKGROUND

¶2. In 2010, acting pursuant to a search warrant, police officers searched John Bevalaque's mobile home. During the search, the law enforcement officers found one laptop and five DVDS containing sexually explicit depictions of children. Bevalaque was arrested.

Days later, Bevalaque's ex-wife found a thumb drive in his truck. After discovering that it contained illicit images of children, she turned it over to police. Based upon this evidence and the materials seized via the search warrant, Bevalaque was indicted on seven counts of child exploitation pursuant to Mississippi Code Annotated section 97-5-33 (Supp. 2007).

¶3. In 2011, Bevalaque pleaded guilty to six of the seven counts of child exploitation. The circuit court sentenced Bevalaque to thirty-five years in the custody of the Mississippi Department of Corrections. The last ten years of his sentence were suspended, and he was ordered to register as a sex offender and pay a fine upon his release.

¶4. In 2013, Bevalaque filed his first motion for post-conviction relief; it was dismissed for lack of prosecution. The next year, Bevalaque filed a second PCR motion arguing his pleas were involuntary, and he received ineffective assistance of counsel. After the trial court denied the motion, Bevalaque appealed, and this Court found that his guilty plea was voluntary. *Bevalaque v. State*, 196 So. 3d, 1149, 1152 (¶8) (Miss. Ct. App. 2016). This Court also found that there was no evidence that he received ineffective assistance of counsel. *Id.* at (¶11).

¶5. In 2020, Bevalaque filed his most recent PCR motion. Bevalaque argued that he satisfied the statutory exception for newly discovered evidence. To support his claim, he presented an affidavit from his ex-wife, where she stated that she never saw a search warrant before the officers searched their mobile home. He also argued the State illegally charged him for multiple instances of child exploitation instead of simply combining the charges. The trial court dismissed this motion as both time-barred and successive-writ barred.

Bevalaque now appeals.

## STANDARD OF REVIEW

¶6.    "We review the dismissal or denial of a PCR motion for abuse of discretion." *Wheeler v. State*, 306 So. 3d 751, 757 (¶20) (Miss. Ct. App. 2020).  We will only reverse if the trial court's factual findings are clearly erroneous.  *Nance v. State*, 309 So. 3d 1097, 1103 (¶24) (Miss. Ct. App. 2020).  This Court reviews conclusions of law de novo.  *Hays v. State*, 282 So. 3d 714, 717 (¶5) (Miss. Ct. App. 2019).

## DISCUSSION

¶7.    On appeal, Bevalaque raises four issues.  He renews his arguments from the trial court that his pleas were not voluntary and that he received ineffective assistance of counsel.  Next, he argues there is new evidence that was not reasonably discoverable at the time of his guilty pleas that would have affected his convictions.  Lastly, he alleges that the State's decision to charge him with multiple counts of child exploitation functions as a form of double jeopardy.

¶8.    "Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), a PCR motion is only timely if the movant files within three years after entry of the judgment of conviction." *Owens v. State*, 281 So. 3d 863, 866 (¶7) (Miss. Ct. App. 2019).  "Essentially, an appellant is granted one bite at the apple when requesting post-conviction relief."  *Id.*

¶9.    "Unless a statutory exception is applicable, a motion for [post-conviction] relief must be made, in the case of a guilty plea, within three years after entry of the judgment of conviction." *Tallant v. State*, No. 2020-CP-01077-COA, 2021 WL 5896278, at *5 (¶16)

(Miss. Ct. App. Dec. 14, 2021); *see* Miss. Code Ann. § 99-39-5(2) (Rev. 2020). "The exceptions include (1) an intervening decision of either the United States Supreme Court or the Supreme Court of the State of Mississippi; (2) new evidence not reasonably discoverable at trial; or (3) an expired sentence, or an unlawful revocation of parole, probation, or conditional release." *Id.*; *see* Miss. Code Ann. § 99-39-5(2)(a)(i), (b). "Even if a statutory exception is raised, it may be precluded if it was previously pled and decided." *Wheeler*, 306 So. 3d at 759 (¶31).

¶10.    "Errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA." *Williams v. State*, 158 So. 3d, 1171, 1173 (¶4) (Miss. Ct. App. 2014). "Violations of four types of fundamental rights [may] survive PCR procedural time-bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws." *Wheeler*, 306 So. 3d at 757 (¶24). Ineffective assistance of counsel may also constitute an exception in "extraordinary circumstances." *Johnson v. State*, 313 So. 3d 1104, 1105 (¶5) (Miss. Ct. App. 2021). Furthermore, "the due process right not to stand trial or be convicted while incompetent is a fundamental right not subject to the PCR procedural bars." *Lay v. State*, 305 So. 3d 1229, 1232 (¶11) (Miss. Ct. App. 2020).

¶11.    Merely asserting a violation of a fundamental constitutional right is not enough to survive the procedural bar. *Bland v. State*, 312 So. 3d 417, 419 (¶12) (Miss. Ct. App. 2021). Instead, a petitioner must provide a factual basis for this Court to find that the fundamental right has actually been infringed. *Id.*

4

¶12. Bevalaque was convicted in 2011 and filed PCR motions in 2013 and 2014. Accordingly, his motions are both time-barred and successive-writ barred unless an exception applies.

¶13. This Court has already rendered a decision on two of the exceptions Bevalaque raises—namely that his plea was voluntary and that he did not receive ineffective assistance of counsel. *Bevalaque*, 196 So. 3d at 1152 (¶12). Bevalaque has offered no intervening precedent or newly discovered information that compels us to revisit these issues. Therefore, we find them procedurally barred.

¶14. Accordingly, we will only address whether Bevalaque can overcome the bar on his claims of new evidence and multiplicitous charges.

### I. The new affidavit does not contain enough facts to overcome the statutory bar.

¶15. Bevalaque argues that he has newly discovered evidence in the form of an affidavit submitted by his ex-wife in 2020. In this affidavit, Bevalaque's ex-wife states that she never saw a search warrant before the police searched their mobile home in 2010. He argues that this affidavit shows the police improperly conducted the initial search where they obtained the evidence presented against him.

¶16. "Section 99-39-5(2)(a)(i) includes a newly-discovered-evidence exception to the three-year statute of limitations." *Huggins v. State,* 291 So. 3d 401, 403 (¶6) (Miss. Ct. App. 2020). To qualify for this statutory exception, Bevalaque must show that he has evidence that was not reasonably discoverable at the time of the trial but would have caused a different result in his conviction or sentence if introduced then. *Id.* On appeal, the appellant bears the

5

burden of presenting all evidence relevant to supporting his desired finding or conclusion. *In re Caldwell*, 326 So. 3d 503, 505 (¶7) (Miss. Ct. App. 2021).

¶17. "[I]t is well settled that a valid guilty plea waives the defendant's right to make certain constitutional challenges, including those under the Fourth Amendment." *Singleton v. State*, 213 So. 3d 521, 523-24 (¶5) (Miss. Ct. App. 2016) (internal quotation marks omitted). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of his constitutional rights that occurred prior to the entry of the guilty plea." *Pevey v. State*, 914 So. 2d 1287, 1289 (¶7) (Miss. Ct. App. 2005).

¶18. Because Bevalaque pleaded guilty, he waived his right to later contest the search warrant or evidence obtained through its execution. Notwithstanding Bevalaque's waiver, we will address why the affidavit from his ex-wife submitted almost ten years after his conviction still fails to overcome the statutory bar.

¶19. First, simply alleging the existence of new evidence does not automatically entitle a petitioner to relief on appeal. *Kelly v. State*, 306 So. 3d 776, 779 (¶9) (Miss. Ct. App. 2020). In *Kelly*, the petitioner filed a PCR motion nearly six years after his conviction. *Id.* at 777 (¶3). Along with his motion, he presented an affidavit alleging that his prior counsel was ineffective. *Id.* at (¶5). This Court denied the petitioner relief because he presented no evidence to explain the nearly six-year delay in asserting his claim. *Id.* at 779 (¶10). Accordingly, the petitioner's PCR motion was time-barred and could not satisfy the statutory exception with this alleged new evidence. *Id.* at (¶12).

¶20.    Like the petitioner in *Kelly* who simply waited too long, Bevalaque also cannot satisfy the exception.  In this newly submitted affidavit, Bevalaque's ex-wife alleged that she never saw the search warrant before police searched their home in 2010.  In her affidavit, Susan Goff declared that the police who arrived to execute the warrant "did not show me any papers or search warrants," but they "took [Bevalaque's] computers and some things but didn't show us a warrant."  The first page of the search warrant is contained in the record.  Furthermore, there is nothing in the record justifying why any contention regarding the search warrant could not have been raised within three years of Bevalaque's guilty plea.[1]  However, Bevalaque has not presented any evidence to explain the near-decade lapse in presenting this affidavit from his ex-wife.  Furthermore, Bevalaque has not shown how the presentation of this affidavit would have affected either his decision to plead guilty or the judge's decision to accept his plea.  Therefore, this issue is without merit.

II.    **The indictment correctly charged Bevalaque with "distinct and separate" counts of child exploitation.**

¶21.    Bevalaque also argues that the State's decision to charge him with multiple counts of child exploitation violates his constitutional right to be free from double jeopardy.

¶22.    The prohibition against double jeopardy exists to protect the accused from multiple punishments for the same offense.  *Tallant*, 2021 WL 5896278, at *10 (¶39).  However, it does not prevent the State from charging an individual for each individual instance for which

---

[1] Before the trial court, Bevalaque argued that his ex-wife "was also under psychotropic drugs for . . . bipolar and psychotic disorder."  However, there is nothing in Susan's affidavit referring to her mental status or diagnosis or to how that would have impacted her perception of the search by the police.

there is evidence. *Id.* at (¶¶40-41).

¶23. Where the State has evidence of multiple instances of a crime, a defendant may be indicted separately for each instance. *Id.* In *Tallant*, the defendant was charged with three counts of child exploitation based upon evidence of separate text transmissions. *Id.* at (¶41). This Court held that the record supported the separate charges because there were multiple texts and images that each individually warranted a charge of child exploitation. *Id.* In addition to the physical evidence presented, the defendant also knowingly and voluntarily plead guilty to separate offenses at his plea hearing. *Id.* at (¶42). Accordingly, the defendant's due process rights were not violated when he was charged with three "distinct and separate offenses." *Id.* at (¶44).

¶24. Here, Bevalaque argues that the State illegally charged him for multiple instances of child exploitation. Yet just like in *Tallant* where the State presented evidence detailing each "distinct and separate" transmission of a photograph, here the State presented multiple disks and devices that each individually warranted a charge of child exploitation.[2] Also like in *Tallant* where the defendant admitted that he possessed and transmitted *multiple* images of children, Bevalaque pleaded guilty to *multiple* charges of child exploitation during his plea colloquy. Furthermore, the fact that one count against Bevalaque was dismissed via nolle prosequi further shows that he was aware that the State was pursuing multiple individual charges against him. He did not an raise issue or demonstrate confusion with the charges

---

[2] The items seized were: five DVD-R disks containing separate visual depictions of children, one laptop containing images and videos of children, and one thumb drive containing images and videos of children. The charge based upon the thumb drive was later dismissed via nolle prosequi.

being presented against him at the time of his plea and is barred from doing so now.

¶25.   Therefore, Bevalaque has presented no evidence to warrant a reversal of the lower court's decision.

## CONCLUSION

¶26.   Bevalaque has not presented sufficient evidence to satisfy either the statutory or fundamental-constitutional-rights exception.  Accordingly, the order dismissing the PCR motion as both time-barred and successive-writ barred is **AFFIRMED**.

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR.**