# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-01237-COA

**MICHAEL TATE A/K/A MICHAEL BRANDON TATE**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/21/2021 |
| TRIAL JUDGE: | HON. STEVE S. RATCLIFF III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL TATE (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALEXANDRA RODU ROSENBLATT |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 07/18/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., LAWRENCE AND SMITH, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     Michael Tate appeals the Rankin County Circuit Court's denial of his motion for post-conviction relief (PCR).  On appeal, Tate asserts that his guilty plea was involuntarily entered and that he received ineffective assistance of counsel.  Finding no error, we affirm the circuit court's order.

## FACTS

¶2.     In August 2019, Tate pleaded guilty as a nonviolent habitual offender to felony driving under the influence (DUI) and possession of a firearm by a felon.  The trial court accepted Tate's guilty plea and sentenced him to serve concurrent terms of five years for felony DUI and ten years for possession of a firearm by a felon.  Approximately one year

later, Tate filed a motion to withdraw his guilty plea, which the circuit court denied.

¶3. In August 2021, Tate filed a PCR motion asserting that his plea was involuntary and that he received ineffective assistance of counsel. As part of his ineffective-assistance-of-counsel claim, Tate alleged that his trial counsel failed to properly investigate Tate's case. Tate claimed that a proper investigation by his attorney would have revealed that Tate was innocent of the possession-of-a-firearm-by-a-felon charge. According to Tate, his friend Jonathan Kersh filed a "sworn statement" claiming ownership of the gun and stating that Kersh left the gun at Tate's residence without Tate's knowledge. Tate did not attach an affidavit from Kersh to his PCR motion in support of this claim. Instead, Tate included a brief statement, purportedly written by Kersh, in the body of his PCR motion. However, this brief statement is written in the same handwriting as the rest of Tate's PCR motion, and the statement is unsigned, unsworn, and unnotarized.

¶4. The circuit court denied Tate's PCR motion, and this appeal followed.

## STANDARD OF REVIEW

¶5. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will only disturb the circuit court's decision if it is clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Magee v. State*, 340 So. 3d 297, 300 (¶11) (Miss. 2022).

## DISCUSSION

¶6. On appeal, Tate argues that the circuit court erred in denying his PCR motion,

maintaining that his guilty plea was involuntary and that he received ineffective assistance of counsel.[1]  As Tate acknowledges, his claim that his guilty plea was involuntary is "intertwined" with his claim of ineffective assistance of counsel.

¶7.    "A guilty plea is binding where it is entered voluntarily, knowingly, and intelligently." *Crockett v. State*, 334 So. 3d 1232, 1238 (¶20) (Miss. Ct. App. 2022).  For a guilty plea to be considered knowing, intelligent, and voluntary, the defendant must be "advised concerning the nature of the charge against him and the consequences of the plea." *Haley v. State*, 331 So. 3d 36, 40 (¶7) (Miss. Ct. App. 2021).  When assessing the voluntariness of a guilty plea, "[t]he most significant evidence of all . . . is the thoroughness of the trial court's interrogation during the plea colloquy." *Crockett*, 334 So. 3d at 1239 (¶20) (quoting *Wood v. State*, 291 So. 3d 830, 841 (¶35) (Miss. Ct. App. 2020)).  We have held that "great weight is given to statements made under oath and in open court." *Haley*, 331 So. 3d at 40 (¶7). Tate, as the PCR movant, bears the burden of proving that his plea was involuntary.  *Young v. State*, 329 So. 3d 589, 591 (¶6) (Miss. Ct. App. 2021).

¶8.    In the case before us, Tate has failed to present any evidence showing that his plea was involuntary.  Additionally, Tate's sworn plea petition and the transcript from the guilty plea hearing contradict his claim.  In his plea petition, Tate swore that he entered his guilty

---

[1] In his PCR motion, Tate also asserted that his guilty plea was involuntary because his plea was coerced by fear of a lengthier sentence and because he did not understand the consequences of pleading guilty.  However, "he has abandoned and waived this issue on appeal because he did not discuss it in his brief." *Lopez v. State*, 343 So. 3d 408, 413 n.5 (Miss. Ct. App. 2022); *accord* M.R.A.P. 28(a)(7).

plea "freely and voluntarily and of [his] own accord." The plea petition also reflects that Tate understood that his guilty plea waived certain constitutional rights, including "the right to be presumed innocent and to have the prosecution prove every element of the crime beyond a reasonable doubt." Similarly, during the plea hearing, Tate affirmed that he entered his plea freely and voluntarily and that he did so "because [he was] guilty and for no other reason." Tate testified that he fully understood the charges against him, and he admitted the factual basis for each charge. Tate further testified that he understood the consequences of his plea. Tate affirmed that he had discussed the charges with his attorney, including the elements of each charge. After the State presented the factual bases for both charges against Tate, the trial judge asked Tate if he disagreed with those facts. Tate responded, "No, sir."

¶9. Generally, "[a] voluntary guilty plea waives claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Thomas v. State*, 159 So. 3d 1212, 1215 (¶10) (Miss. Ct. App. 2015). A defendant "must demonstrate that his counsel's conduct proximately resulted in the guilty plea, and that but for counsel's errors, he would not have entered the plea." *Id*. "[A] defendant must plead claims of ineffective assistance of counsel with specificity, and the claim must be supported by affidavits other than his own." *Avery v. State*, 179 So. 3d 1182, 1188-89 (¶13) (Miss. Ct. App. 2015). Furthermore, "[w]hen a defendant's assertions of ineffective assistance of counsel are substantially contradicted by the court record of the proceedings, the court may disregard such assertions." *Neal v. State*, 186 So. 3d 378, 384

4

(¶20) (Miss. Ct. App. 2016).

¶10. Here, Tate alleges that his attorney was ineffective for (1) failing to challenge the validity of the search warrant in his case, (2) failing to investigate Tate's case prior to advising Tate to plead guilty, and (3) failing to find Kersh and thereby prove Tate's innocence. However, Tate failed to provide affidavits other than his own in support of his claims. In his brief, Tate argues that he offered Kersh's sworn affidavit in support of his ineffective-assistance-of-counsel claims; however, the "affidavit" purportedly written by Kersh was unsigned, unsworn, and unnotarized. The supreme court has held that "unsworn statements that have not been notarized as made before any official failed to provide sufficient evidence to support a movant's allegations in his PCR motion." *Wilcher v. State*, 863 So. 2d 719, 744 (¶¶78, 80) (Miss. 2003) (internal quotation marks omitted); *see also Russell v. State*, 849 So. 2d 95, 119 (¶88) (Miss. 2003) (explaining that an unsworn statement attached to a PCR motion "is not an affidavit and, pursuant to statutory requirements, we give it no credence"). Where a PCR movant alleges ineffective assistance of counsel but offers only his affidavit in support of his claim, "then his ineffective-assistance-of-counsel claim is without merit." *Thomas*, 159 So. 3d at 1215-16 (¶10).

¶11. We also find that Tate's ineffective-assistance-of-counsel claims are contradicted by his own sworn statements in his plea petition and during his plea hearing. In his plea petition, Tate affirmed that he had fully informed his attorney of all the facts and circumstances known to Tate about the charges against him. Tate swore that his attorney

5

had, in turn, counseled him on "the nature and elements of" those charges, including "all possible defenses." Tate also swore that he believed that his attorney "ha[d] done all that anyone could do to counsel and assist" him, and he affirmed his satisfaction with his attorney's advice. During his plea hearing, Tate informed the trial court that he had no complaints about his attorney and that he was satisfied with his attorney's advice.

¶12. After reviewing the record, we find that Tate did not meet his burden of demonstrating that his attorney's performance was deficient or that a different result would have occurred.

## CONCLUSION

¶13. We find that the circuit court did not err in denying Tate's PCR motion. We therefore affirm the circuit court's order.

¶14. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. EMFINGER, J., NOT PARTICIPATING.**