730 So.2d 100 (1998)
Brian F. HOGAN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KP-00268 COA.
Court of Appeals of Mississippi.
December 30, 1998.
*101 Brian F. Hogan, pro se.
Office of the Attorney General by Dewitt T. Allred, III, Attorney for Appellee.
Before THOMAS, P.J., and DIAZ and SOUTHWICK, JJ.
SOUTHWICK, J., for the Court:
¶ 1. On January 27, 1997, Brian F. Hogan was convicted by a Forrest County Circuit Court jury of armed robbery. On November 24, 1998, this Court affirmed that conviction. Hogan v. State, 97-KA-00816 COA (Miss. App. Nov. 24, 1998). Six days before his conviction, Hogan's petition for habeas corpus relief was denied by the same trial judge as was conducting the proceedings under his indictment. On his appeal, Hogan argues that he should have been granted a preliminary hearing, that his arrest was unconstitutional, that his constitutional right to a speedy trial was violated, and that his counsel was ineffective. These were not proper issues for a pre-trial habeas corpus petition. We affirm.
¶ 2. The issue of the arrest was properly a matter to be raised at the trial under his indictment. He challenged on direct appeal the confession that he made soon after his arrest by stating that he had been unnecessarily struck over the head by the arresting officer. The proof at trial was that he lunged at the officer and was warded off in this way. This is the same evidence that he argues proves that his arrest was illegal. On this appeal he again argues that the method of arrest rendered his confession involuntary. We do not readdress that issue.
¶ 3. We next consider the issue of whether he was denied a preliminary hearing. Once the indictment occurs, even had a preliminary hearing not been provided, that question becomes moot. The purpose of a preliminary hearing is to explore whether there is probable cause to believe that the defendant has committed an offense. Mayfield v. State, 612 So.2d 1120, 1129 (Miss. 1992). The indictment by a grand jury removes the purpose of the hearing and none need thereafter be conducted. Hogan's indictment appears of record and the preliminary hearing issue is unavailing.
¶ 4. The proper remedy for a speedy trial violation is a motion to dismiss, not a habeas corpus petition. Keller v. Romero, 303 So.2d 481, 482 (Miss.1974). Moreover, the speedy trial issue was discussed in our opinion affirming the direct appeal of his conviction.
¶ 5. The effectiveness of counsel is not a ripe issue before the trial. Under the applicable requirements of proof, the defendant must show that the counsel's performance was deficient, and but for the deficiency there is a reasonable probability that the result of the proceedings would have been different. Leatherwood v. State, 473 So.2d 964, 968-69 (Miss.1985). There is no outcome prior to conviction.
¶ 6. We find the denial of Hogan's petition for habeas corpus relief to have been proper.
¶ 7. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DENYING THE PETITION FOR HABEAS CORPUS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO FORREST COUNTY.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., and COLEMAN, DIAZ, HERRING, HINKEBEIN, KING and PAYNE, JJ., concur.