# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-01003-COA

ANTHONY MILES FORTENBERRY A/K/A            APPELLANT
ANTHONY FORTENBERRY A/K/A ANTHONY
M. FORTENBERRY

v.

STATE OF MISSISSIPPI                          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/08/2013 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EARNESTINE ALEXANDER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: STEPHANIE BRELAND WOOD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | SUMMARILY DISMISSED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/04/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., BARNES AND CARLTON, JJ.

### IRVING, P.J., FOR THE COURT:

¶1.     Anthony Miles Fortenberry pleaded guilty to one count of sexual battery in violation of Mississippi Code Annotated section 97-3-95(1)(c) (Rev. 2014).  The Rankin County Circuit Court sentenced him to a term of twenty years in the custody of the Mississippi Department of Corrections (MDOC), with thirteen years suspended and with five years of supervised probation.  Fortenberry filed a motion for post-conviction collateral relief (PCR), alleging (1) he was denied an evidentiary hearing; (2) there was no factual basis for the acceptance of the plea; and (3) he was denied effective assistance of counsel.  The trial court

dismissed Fortenberry's PCR motion. Feeling aggrieved, Fortenberry appeals.

¶2. Finding no error, we affirm.

## FACTS

¶3. Fortenberry was indicted for sexual battery for inserting his finger into the vagina of a then fourteen-year-old girl on or about January 31, 2011. On November 30, 2011, Fortenberry pleaded guilty to the crime, and the trial court sentenced him to serve a term of twenty years, with thirteen years suspended and with five years of supervised probation. In addition, the trial court ordered Fortenberry to pay a $1,000 fine to the Victims' Compensation Fund, and to register as a sexual offender.

¶4. On July 26, 2012, Fortenberry filed a pro se PCR motion. After reviewing Fortenberry's guilty-plea and sentencing-hearing transcript, in addition to his criminal file, the trial court dismissed the PCR motion, finding that "it plainly appears from the face of the above-mentioned motion that [Fortenberry] is not entitled to any relief." As stated, Fortenberry now appeals and argues: (1) he was denied an evidentiary hearing, (2) there was no factual basis for the acceptance of his plea, and (3) he was denied effective assistance of counsel.

## DISCUSSION

### I. Lack of Evidentiary Hearing

¶5. The trial court may summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any relief[.]" Miss. Code Ann. §

2

99-39-11(2) (Supp. 2014). An appellate court will not reverse a trial court's dismissal of a PCR motion unless the trial court's decision was clearly erroneous. *Means v. State*, 43 So. 3d 438, 441 (¶6) (Miss. 2010) (citing *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999)). Additionally, a trial court enjoys wide discretion in determining whether to grant an evidentiary hearing. *Hebert v. State,* 864 So. 2d 1041, 1045 (¶11) (Miss. Ct. App. 2004) (citing *Meeks v. State*, 781 So. 2d 109, 114 (¶14) (Miss. 2001)). Accordingly, "[n]ot every motion for post-conviction relief filed in the trial court must be afforded a full adversarial hearing." *Id.* However, questions of law are reviewed de novo. *Means*, 43 So. 3d at 441 (¶6) (citation omitted). Here, the record does not demonstrate that the trial court's dismissal of Fortenberry's PCR motion was clearly erroneous.

¶6.     Fortenberry asserts that he did not voluntarily plead guilty in light of his use of prescription drugs that were mind altering and, as a result, he did "not . . . understand his rights and simply signed the documents that were placed in front of him by [c]ounsel."

¶7.     The transcript of the plea colloquy clearly indicates that the trial court was made aware of the prescription drugs and did not find this impeded Fortenberry's decision-making process, specifically his decision to plead guilty. Furthermore, Fortenberry had several opportunities during his hearing to inform the court that he did not understand his plea agreement due to his prescription-drug use:

> COURT:           Are you under the influence of any drugs or alcohol?
>
> FORTENBERRY:   Just prescription.

***

COURT:              What are those prescription?

COUNSEL:            It is [unintelligible] ten milligrams, Buspirone [phonetic]
                    15 milligrams, and Juneprozoa [phonetic], six hundred
                    milligrams.    Also, Hydroxacen [phonetic], HCTZ
                    Alorporola  [phonetic],  Lexicon  [phonetic],  and
                    Leretolitan [phonetic].

COURT:              All right, why are you taking those medications?

FORTENBERRY:   Depression and anxiety.

                           ***

COURT:              Has [Fortenberry] been able to assist you in his defense?

COUNSEL:            Yes, your Honor.

                           ***

COURT:              At this point, it's not too late to stop the hearing, but it
                    will be if I accept your guilty plea, and I want to be
                    certain you want to plead guilty.  Do you want to plead
                    guilty?

FORTENBERRY:   Yes, sir.

¶8.     While Fortenberry stated that he was on several prescription medications, he did not,

at any point, inform the trial court that the medication affected his mental state or that he had

doubts about pleading guilty.   Furthermore, Fortenberry did not attach any medical

documentation to his PCR motion in support of his contention that the medication he was

taking altered his mental state.  We, like the trial court, have been provided only his bare

assertions. *See Pearson v. State*, 945 So. 2d 399, 401 (¶8) (Miss. Ct. App. 2006).  Therefore,

we cannot say that the trial court erred in summarily rejecting Fortenberry's contention that

4

his prescription medication rendered his guilty plea involuntary. This issue is without merit.

  *II.    Lack of Factual Basis to Support Plea of Guilty*

¶9.     Fortenberry also contends that there was no factual basis for his plea. This issue was not presented to the trial court and, therefore, is barred from appellate review. *See Moawad v. State*, 531 So. 2d 632, 634 (Miss. 1988).

  *III.  Ineffective Assistance of Counsel*

¶10.    Here, Fortenberry specifically stated that he was denied effective assistance of counsel when he was informed that his choice was either to enter a plea of guilty or "go to trial within twenty-four (24) hours." A voluntary guilty plea waives claims of ineffective assistance of counsel, "except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Hill v. State*, 60 So. 3d 824, 827 (¶6) (Miss. Ct. App. 2011) (citation omitted).

¶11.    When a defendant pleads guilty, and later asserts ineffective assistance of counsel, he must demonstrate that his counsel's "conduct proximately resulted in [the] guilty plea, and [that] but for counsel's errors, he would not have entered the plea." *Cole v. State*, 918 So. 2d 890, 894 (¶10) (Miss. Ct. App. 2006) (citing *Reynolds v. State*, 521 So. 2d 914, 918 (Miss. 1988)). "[H]e must show unprofessional errors of substantial gravity." *Id.* Moreover, "[i]n cases involving post-conviction collateral relief, where a party offers only his affidavit, then his ineffective[-]assistance[-of-counsel] claim is without merit." *Cherry v. State*, 24 So. 3d 1048, 1051 (¶6) (Miss. Ct. App. 2010) (citation and internal quotation marks omitted).

¶12.    During the plea colloquy, Fortenberry was asked:

| | |
|---|---|
| COURT: | Are you satisfied with your attorney's representation of you? |
| FORTENBERRY: | Yes, sir. |
| COURT: | Do you have any complaints you wish to make about him? |
| FORTENBERRY: | No, sir. |

The transcript notwithstanding, Fortenberry argues that counsel knew or should have known that he was under the influence of mind-altering drugs. Fortenberry claims that he "simply signed the documents that were placed in front of him by counsel." Again, Fortenberry merely makes an assertion and does not support his claim—that his mind was altered—with any evidence. He offers only his own affidavit, alleging deficiency on the part of his trial counsel. Fortenberry further contends that he had little or no memory of the events because of his prescription-drug use and drinking on the night of the incident leading up to his written confession. However, the plea hearing was over six months later. Even after this period of time, Fortenberry chose to plead guilty. We find that the trial court did not err in dismissing Fortenberry's PCR motion. Accordingly, we affirm.

¶13. **THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY**.

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**