# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-01034-COA

KENDRICK MARQUES BELL A/K/A
KENDRICK BELL

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

DATE OF JUDGMENT:             12/14/2018
TRIAL JUDGE:                  HON. WINSTON L. KIDD
COURT FROM WHICH APPEALED:    HINDS COUNTY CIRCUIT COURT,
                              FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:       KENDRICK MARQUES BELL (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY:  ABBIE EASON KOONCE
NATURE OF THE CASE:           CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                  AFFIRMED - 01/19/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., GREENLEE AND WESTBROOKS, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     Kendrick Bell appeals from the dismissal of his motion for post-conviction relief.  On August 18, 2018, in the Circuit Court of Hinds County, Bell pled guilty to committing second-degree murder, being a felon in possession of a firearm, and shooting into an occupied vehicle. (He was originally indicted for first-degree murder, but the charge was reduced to second-degree murder in exchange for his accepted guilty plea.) The court sentenced Bell to forty years in custody, with five years suspended and thirty-five years to serve, to be followed by five years of post-release supervision, for second-degree murder; to ten years to serve in custody for being a felon in possession of a firearm; and to five years

to serve in custody for shooting into an occupied vehicle. The court set the sentences to run concurrently. Bell subsequently filed a motion for post-conviction relief, arguing he received ineffective assistance of counsel. The trial court denied the relief requested and dismissed the motion. Finding no error we affirm.

## STATEMENT OF THE FACTS

¶2. On March 24, 2016, officers with the Jackson Police Department were dispatched to the Jubilee gas station at 3210 Highway 80 in reference to a shooting. Officers gathered suspect information, which led them to Kendrick Bell, who was at 3211 Washington Street located in Jackson. The individual who drove Bell to the Jubilee gas station was present and was able to provide officers with information leading to Bell's arrest. The incident at the gas station was recorded on surveillance video and showed Bell shooting and killing Teletha Burks.

¶3. Bell pled guilty to second-degree murder, being a felon in possession of a firearm, and shooting into an occupied vehicle. As a result, Bell was sentenced as stated above.

¶4. On November 6, 2018, Bell filed a "Motion for Post-Conviction Collateral Relief." On December 14, 2018, the Hinds County Circuit Court entered its order dismissing Bell's motion for post-conviction collateral relief. Although untimely, on June 25, 2019, Bell filed a "Notice of Appeal," which was accepted after he showed he did not receive the trial court's order dismissing his PCR motion until May 28, 2019.

## STANDARD OF REVIEW

¶5. The standard of review for the dismissal of a motion for post-conviction relief is

whether the trial court's decision was "clearly erroneous." *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999). Questions of law are reviewed de novo. *Id.*

**DISCUSSION**

¶6.     Bell is not entitled to post-conviction relief for ineffective assistance of counsel because he entered a guilty plea knowingly, intelligently, and voluntarily. Bell argues that his due process rights were violated when his public defender chose not to pursue an insanity defense, chose not to request a change of venue or medical records, and elected not to have a preliminary hearing, thus rendering the assistance ineffective.

**I.      Bell knowingly, intelligently, and voluntarily entered into a plea agreement.**

¶7.     Bell asserts a claim of ineffective assistance of counsel but is not able to overcome the hurdles presented from voluntarily entering into a plea agreement. "A voluntary guilty plea waives claims of ineffective assistance of counsel, 'except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.'" *Thomas v. State*, 159 So. 3d 1212, 1215 (¶10) (Miss. Ct. App. 2015) (quoting *Fortenberry v. State*, 151 So. 3d 222, 225 (¶10) (Miss. Ct. App. 2014)). Therefore, the defendant "must demonstrate that his counsel's 'conduct proximately resulted in the guilty plea, and that but for counsel's errors, he would not have entered the plea." *Id.* (internal quotation marks omitted). Furthermore, "in cases involving post-conviction collateral relief, where a party offers only his affidavit, then his ineffective-assistance-of-counsel claim is without merit." *Id.* (quoting *Cherry v. State*, 24 So. 3d 1048, 1051 (¶6) (Miss. Ct. App. 2010)).

¶8.     Bell is not able prove the articulated requirements to demonstrate that his plea

agreement was entered into involuntarily, and has only offered his own affidavit to support his claim. As articulated within the transcript, Bell voluntarily entered into the guilty plea:

Q. And are you right now under the influence of any drugs or alcohol?

A. Well, I took my medical this morning.

Q. What was it?

A. Depakote.

Q. You take it in the morning?

A. Yes, sir.

Q. Do you take anything else?

A. Yes, sir, dyspraxia.

Q. You had that today as well?

A. Sir?

Q. You've had that today as well?

A. Yes, sir.

Q. Does that cause you to be sleepy?

A. No, sir.

Q. You understand what's going on now?

A. Yes, sir.

Q. Okay. Has the medication affected your ability to understand?

A. No, sir.

Q. Do you understand at this time the court seeks to determine whether your plea of guilty is knowingly, understandingly, freely and voluntarily

made?

A.     Yes, sir.

. . . .

Q.     Has anybody threatened you to get you to plead guilty?

A.     No, sir.

Q.     Anybody promise you anything in order to get you to plead guilty?

A.     No, sir.

. . . .

Q.     And Mr. Bell, are you satisfied with the services of your attorney?

A.     Yes, sir.

Q.     Has your attorney promised you anything in order to get you to plead guilty?

A.     No sir.

Q.     Do you believe that your attorney has properly advised you on this plea?

A.     Yes, sir.

Q.     Do you believe that your attorney has properly represented you in this case?

A.     Yes, sir.

Q.     Do you still wish to enter pleas of guilty to these charges?

A.     Yes, sir.

¶9.     The record reflects that Bell voluntarily entered into the guilty plea because he was not under the influence of alcohol nor any medication that affected his ability to comprehend

5

the plea proceedings. Additionally, Bell answered affirmatively that he was not promised anything nor threatened into the guilty plea. Lastly, Bell contended that he was satisfied with the services of his attorney and was properly advised on the plea and was properly represented in his case. With this, Bell stated that he wished to enter a plea of guilty on the charges. Now, dissatisfied with his decision, Bell presents no evidence that his plea was entered into unknowingly, unintelligently, or involuntarily.

## II. Bell has not proved that his counsel's performance was deficient or that a different outcome would have resulted if not for the deficient performance.

¶10.    To succeed on an ineffective-assistance-of-counsel claim, "[t]he defendant must demonstrate that counsel's performance was deficient and, but for the deficient performance, a different result would likely have occurred." *Edge v. State*, 962 So. 2d 81, 84 (¶11) (Miss. Ct. App. 2007). When applying the test to a guilty plea, "[Bell] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty, would have insisted on going to trial, and the outcome would have been different." *Avery v. State*, 179 So. 3d 1182, 1188 (¶13) (Miss. Ct. App. 2015) (quoting *Hannah v State*, 943 So. 2d 20, 24 (¶6) (Miss. 2006)). Additionally, "a defendant must plead claims of ineffective assistance of counsel with specificity, and the claim must be supported by affidavits other than his own." *Id.* "In cases involving post-conviction collateral relief, where a party offers only his affidavit, then his ineffective assistance claim is without merit." *Alford v. State*, 185 So. 3d 429, 432 (¶16) (Miss. Ct. App. 2016) (internal quotation marks omitted).

¶11.    Bell has not demonstrated that his attorney's performance was deficient nor that a

different result would have occurred. Bell argues that his attorney should have pursued an insanity defense, moved for a change of venue, requested his mental health records, and elected not to have a preliminary hearing. During the entering of his plea, Bell and his attorney both had knowledge of his mental health (as reflected in the record when addressing his state of mind during the crime and medications that he was currently taking).[1] However, he willingly entered into the plea and is not able to demonstrate that despite his attorney's errors he would have insisted on going to trial, which would have resulted in a different outcome. Bell has also not met the requirements of pleading his claim with specificity supported by affidavits other than his own. His affidavit is the only supporting evidence he has produced rendering his claim without merit.

¶12.　Lastly, Bell argues that his due process rights were violated when his attorney elected to forgo a preliminary hearing; however, a preliminary hearing was not necessary because he was indicted by the grand jury on the charges. This Court previously held in *Hogan* that

---

[1] Q.　And blaming all of this on medication, not being on your medication?

A.　Well, I'm not blame anything on that, you know. I mean, yes, I do have a handicap, but, you know, at the same time I mean—as you said I'm not blaming it on my medication. I need help and I'm sick.

Q.　Because we've had the competency hearing and we've had the mental evaluations, and the Court found you to be competent to stand trial. But, Mr. Bell, – so you've been on your medication since that time?

A.　Yes, sir.

Q.　So you consulted with Ms. Peterson and you believe it would be in your best interest to plead guilty?

A.　Yes, sir.

"[o]nce the indictment occurs, even had a preliminary hearing not been provided, that question becomes moot." *Hogan v. State*, 730 So. 2d 100, 101 (¶13) (Miss. Ct. App. 1998). The purpose of a preliminary hearing is to explore whether there is probable cause to believe that the defendant has committed an offense. *Id.* The indictment by a grand jury removes the purpose of the hearing, and none need thereafter be conducted. *Id.*

¶13.    Therefore, the decision of the circuit court effectively finding that Bell does not have evidence to support his claim for ineffective assistance of counsel and that his due process rights were not violated is affirmed.

¶14.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE AND McDONALD, JJ., CONCUR. McCARTY, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. LAWRENCE, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. SMITH, J., NOT PARTICIPATING.**