# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00431-COA

**LEE AUTHOR McCONN A/K/A LEE McCONN**  **APPELLANT**
**A/K/A LEE ARTHOR McCONN**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/07/2021 |
| TRIAL JUDGE: | HON. CHARLES W. WRIGHT JR. |
| COURT FROM WHICH APPEALED: | WAYNE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LEE AUTHOR McCONN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALEXANDRA RODU ROSENBLATT |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 01/31/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., GREENLEE AND EMFINGER, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.    Lee McConn pled guilty to two counts of selling controlled substances. The circuit court sentenced him to serve nine years in the custody of the Mississippi Department of Corrections (MDOC), followed by a term of post-release supervision (PRS), and a twenty-year suspended sentence. McConn later filed a motion for post-conviction relief (PCR), alleging that his plea counsel provided ineffective assistance by failing to accept a prior plea offer that would have required him to serve only four years in prison. The circuit court denied the motion as without merit. McConn appealed. We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.    In 2018, a Wayne County grand jury indicted McConn for selling fifteen dosage units

of hydrocodone and acetaminophen (Count I) and 1.475 grams of cocaine (Count II). McConn was indicted as a subsequent drug offender and nonviolent habitual offender. Thus, if convicted on both counts, McConn was facing a sentence of up to fifty-six years in MDOC's custody without eligibility for parole, probation, or other reduction.[1]

¶3. In January 2020, McConn pled guilty to both counts pursuant to a plea bargain. For Count I, the court sentenced him to twenty years in MDOC's custody, with nineteen years and 364 days suspended and five years of PRS. For Count II, the court sentenced him to serve nine years in MDOC's custody. The court ordered McConn to serve his sentence for Count II prior to his sentence for Count I. Pursuant to his plea bargain, McConn was sentenced as a subsequent drug offender but was not sentenced as a habitual offender.

¶4. In December 2020, McConn filed a pro se PCR motion, alleging that his plea counsel provided ineffective assistance by failing to accept a prior plea offer that would have required him to serve only four years in prison. Specifically, McConn alleged that at some point after he was arrested, the State offered him a "status plea" under which he would have served four years in prison. McConn alleged that he "was agreeable and ready to accept such a deal," but his attorney "ignored by [sic] information that [McConn] was willing to accept the 4 years." McConn alleged that after the first deadline to accept the plea offer expired, "[t]he [S]tate reluctantly put the [offer] back on the table for a short period of time." McConn alleged that his attorney "allowed the time to again expire without moving forward to accept the deal." McConn also alleged that he failed to appear at a docket call at which he could

<hr>

[1] *See* Miss. Code Ann. § 41-29-139(b)(1)(A)-(B) (Rev. 2018); Miss. Code Ann. § 41-29-147 (Rev. 2018); Miss. Code Ann. § 99-19-81 (Rev. 2015).

2

have accepted the offer. McConn alleged that the only reason he did not appear was that his attorney failed to tell him about the court date.

¶5. McConn alleged that after the four-year plea offer had finally expired, his attorney told him that he would have to accept a new, less favorable offer of nine years to serve plus a term of PRS and a suspended sentence. McConn alleged that initially he was "reluctant and unwilling" to accept this less favorable offer, but his attorney advised him that if he did not plead guilty, "he would go to trial and receive an even more severe sentence." As discussed above, McConn accepted this plea offer, and the court sentenced him according to the terms of the offer. McConn alleged that his attorney "offered no explanation as to why she did not allow [him] to accept the earlier offer of 4 years."

¶6. In support of his PCR motion, McConn attached an affidavit from his bail bondsman, Jason Powe. In his affidavit, Powe stated that he was in court for a docket call on October 14, 2019; that the court called McConn "to answer to a status plea pending on the [c]ourt's calendar"; and that McConn was not present. Powe further stated, "The status plea was for a sentence of 4 years." Powe stated that he told McConn that he needed to call his attorney and find out why she had not made him aware of his court date.

¶7. The circuit court denied McConn's PCR motion, stating in its order:

> [McConn's] claim hinges on the fact that neither [he] nor [his attorney] was present in court on October 14, 2019, to accept a "status plea" offered by the [State]. According to [McConn], after missing the court date, the [State] allegedly rescinded the existing plea offer that [McConn] would have preferred to accept. After investigating this claim, the [c]ourt found no evidence that another plea offer existed other than the offer accepted by [McConn] on January 13, 2020. Further the [c]ourt discovered an Order Resetting Cause from October 14, 2019 to January 13, 2020. The Order Resetting Cause was

3

signed by [McConn's attorney], [McConn], the [a]ssistant [d]istrict [a]ttorney, and the [c]ircuit [j]udge, on October 14, 2019 and filed the same day. Based on the information contained in the Order Resetting Cause . . . the [c]ourt finds that all parties were in fact present on the date in question and [McConn's] argument is without merit.

The [c]ourt finds that [McConn's] allegations are directly contradicted by the contents of the case file. [McConn's] claims of ineffective assistance of counsel are without merit, and are hereby denied as frivolous.

¶8. McConn filed a notice of appeal.

## ANALYSIS

¶9. A circuit court may summarily dismiss a PCR motion "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2020). The Mississippi Supreme Court has stated that summary "dismissal of a PCR motion is proper where it appears beyond a doubt that the [movant] can prove no set of facts in support of his claim which would entitle him to relief." *State v. Santiago*, 773 So. 2d 921, 924 (¶11) (Miss. 2000) (quotation marks omitted). "Our review of the summary dismissal of a PCR motion, a question of law, is de novo." *Nichols v. State*, 265 So. 3d 1239, 1241 (¶6) (Miss. Ct. App. 2018) (citing *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999)).

¶10. Summary dismissal is appropriate if "the only support offered by a convict is his own affidavit, and his affidavit is contradicted by his own sworn statement" or by other "unimpeachable documentary evidence in the record." *Young*, 731 So. 2d at 1122-23 (¶¶10, 12). To avoid summary dismissal, the movant must "present[] sufficient evidence such that his allegations are not overwhelmingly belied by the plea hearing transcript and related

4

documents." *Manuel v. State*, 304 So. 3d 713, 717 (¶9) (Miss. Ct. App. 2020) (brackets and quotation marks omitted).

¶11.   A claim of ineffective assistance of counsel requires proof (1) that counsel's performance was objectively deficient and (2) that the defendant suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  If either prong of *Strickland* is not met, the claim fails.  *Havard v. State*, 928 So. 2d 771, 781 (¶8) (Miss. 2006).  "A voluntary guilty plea waives claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Fortenberry v. State*, 151 So. 3d 222, 225 (¶10) (Miss. Ct. App. 2014) (quotation marks omitted).   Therefore, "[w]hen a defendant pleads guilty, and later asserts ineffective assistance of counsel, he must demonstrate that his counsel's conduct proximately resulted in the guilty plea, and that but for counsel's errors, he would not have entered the plea." *Id.* (quotation marks and brackets omitted).

¶12.   In the present case, McConn's claim that his attorney provided ineffective assistance is contradicted by the transcript of his plea hearing and his sworn plea petition.  At his plea hearing, McConn stated under oath that he was satisfied with his lawyer's advice and that after consulting with his lawyer, he was pleading guilty freely and voluntarily of his own accord.  In addition, in his plea petition, McConn confirmed under oath that he "believe[d] his lawyer ha[d] done all that anyone could do to counsel and assist [him], and [he was] satisfied with the advice and help [his lawyer] ha[d] given [him]."  Moreover, as the circuit judge noted, McConn's claim that he failed to appear in court on October 14, 2019, is

5

contradicted by the "Order Resetting Cause" that McConn, his attorney, the assistant district attorney, and the judge all signed on that date. The order states that a continuance was granted on McConn's ore tenus motion for good cause based on "plea negotiations."

¶13. To survive summary dismissal, McConn had to present some evidence—other than his own affidavit—to support his claim. *Young*, 731 So. 2d at 1122-23 (¶¶10, 12); *Marshall v. State*, 680 So. 2d 794, 795 (Miss. 1996); *Manuel*, 304 So. 3d at 717 (¶9). In the alternative, McConn was at least required to show "good cause for failing to obtain . . . affidavits" from other witnesses. *Walden v. State*, 201 So. 3d 1042, 1045 (¶14) (Miss. 2016) (citing Miss. Code Ann. § 99-39-9(1)(e) (Rev. 2015)). McConn did neither. Powe's affidavit was the only other evidence that McConn submitted. But Powe's affidavit does not establish that Powe had first-hand knowledge of the terms of any plea offer to McConn. Moreover, Powe's affidavit provides no support for McConn's claim that he instructed his attorney to accept a different and more favorable plea offer. Finally, McConn has not shown "good cause" for failing to produce evidence to support his claim. *Id.* Indeed, other than his own affidavit, McConn produced no competent evidence that a prior plea offer even existed. Accordingly, the circuit court properly denied McConn's PCR motion without an evidentiary hearing. *Marshall*, 680 So. 2d at 795.

¶14. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. WESTBROOKS, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**