# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-00580-COA

**DARRELL RAY MORRIS A/K/A DARRELL MORRIS**                                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                    APPELLEE

DATE OF JUDGMENT:            10/06/2023
TRIAL JUDGE:                 HON. KATHY KING JACKSON
COURT FROM WHICH APPEALED:   JACKSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      DARRELL RAY MORRIS (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: SCOTT STUART
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                 AFFIRMED - 03/31/2026
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., McCARTY AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.     In January 2023, Darrell Ray Morris pled guilty in the Circuit Court of Jackson County, Mississippi, to aggravated stalking, possession of a weapon by a felon, attempted kidnapping, and domestic violence. He was sentenced to serve concurrent terms of five, ten, thirty, and twenty years in custody, respectively. Morris timely filed a motion for post-conviction collateral relief (PCR), which was summarily denied by the circuit court. Although Morris' notice of appeal was untimely, this Court suspended our Rules of Appellate Procedure and allowed his appeal to proceed. *See* M.R.A.P. 2(c). Finding no error, we affirm.

**STANDARD OF REVIEW**

¶2.     In *Hardison v. State*, 317 So. 3d 978, 982 (¶8) (Miss. Ct. App. 2021), this Court held:

> "This Court employs the clearly-erroneous standard of review when reviewing a trial court's summary dismissal of a PCR motion." *Smith v. State*, 291 So. 3d 1, 5 (¶8) (Miss. Ct. App. 2019) (quoting *Lofton v. State*, 233 So. 3d 907, 908 (¶4) (Miss. Ct. App. 2017)). We will affirm a court's "summary dismissal of a defendant's PCR motion 'if he fails to demonstrate a claim procedurally alive substantially showing the denial of a state or federal right.'" *Id*. (quoting *Moore v. State*, 248 So. 3d 845, 848 (¶7) (Miss. Ct. App. 2017)). Questions of law, however, are reviewed de novo. *Id*. (citing *Lofton*, 233 So. 3d at 908 (¶9)).

After the circuit court summarily denied his PCR motion, Morris appealed.

## ANALYSIS

¶3.     In his brief on appeal, Morris contends that (1) he was denied his due process right to a preliminary hearing; (2) the grand jury was improperly influenced; (3) his convictions violated the double jeopardy clause of the United States Constitution; (4) the indictment for attempted kidnapping was insufficient because it failed to allege an overt act; (5) the indictment for aggravated stalking failed to allege a course of conduct; (6) his sentence for domestic violence was improper; (7) the trial court illegally ordered restitution; (8) his guilty plea was involuntary; and (9) he received ineffective assistance of counsel. We will address these issues separately below.

### I.      Right to a Preliminary Hearing

¶4.     Morris attached copies of four warrants issued for his arrest to his PCR motion: a warrant charging Morris with aggravated domestic violence issued on September 9, 2020; a warrant charging Morris with armed robbery issued on September 14, 2020; a warrant charging Morris with aggravated stalking issued on September 21, 2020; and a warrant

2

charging Morris with attempted kidnapping issued on March 8, 2021. He also attached a copy of a five-count indictment that shows the Jackson County grand jury was recalled into session on February 25, 2021, and returned an indictment charging Morris with the four crimes set out above, plus a count of possession of firearm or weapon by a felon. This indictment was filed on March 15, 2021. There is no record evidence as to when these warrants or the indictment was served upon Morris.

¶5.    In his PCR filing, Morris stated that he was first arrested on a charge of aggravated domestic violence in Jackson County on September 9, 2020. However, it appears that Morris was taken into federal custody for a revocation proceeding on a prior federal conviction. Morris attached a copy of an order from the United States District Court for the Southern District of Mississippi, entered on December 8, 2020, wherein Morris admitted that he was guilty of violating a mandatory condition of his probation and was sentenced to serve a term of twenty-four months in custody, consecutively to state court sentences. In a "Motion for Bail Bond," which Morris filed in the Jackson County Circuit Court on March 22, 2021, he states that he was taken into federal custody on October 9, 2020, and was housed in Stone County. He states that he was returned to Jackson County for a preliminary hearing on his state charges, which was set for February 8, 2021. He admits that the hearing was continued due to COVID-19 and was reset for March 8, 2021. He contends that when he appeared for a preliminary hearing on March 8, he was told by the Jackson County Court judge that there would be no preliminary hearing because his case had been presented to the grand jury. There is no evidence in the record to support Morris' statements concerning when or if a

preliminary hearing was set, when or why it was continued, or what Morris was told by the county judge. What is clear from the documents attached to Morris' PCR motion is that Morris was in federal custody, outside Jackson County, for most to the time between his arrest and his indictment

¶6.	Concerning any right to a preliminary hearing, Mississippi Rule of Criminal Procedure Rule 6.1(a)(1) provides:

> **(a) Right to a Preliminary Hearing.**
>
> (1) Generally. A defendant who has been charged with a felony is entitled to a preliminary hearing upon request. But a defendant who has been indicted by a grand jury is not entitled to a preliminary hearing.

There is nothing in the appellate record to show that Morris ever made a request or demand for a preliminary hearing as required by Rule 6.1. When Morris was indicted, he was no longer entitled to a preliminary hearing. The comment to Rule 6.1 explains:

> Rule 6.1(a) grants an accused charged with a felony (and not under indictment) the right to a preliminary hearing upon request. *See Mayfield v. State*, 612 So. 2d 1120, 1129 (Miss. 1992) (the principal purpose of a preliminary hearing is to determine whether probable cause exists). The provision that a defendant who has been indicted by a grand jury is not entitled to a preliminary hearing is consistent with former Rule 6.05 of the Uniform Rules of Circuit and County Court.

Further, in *Bell v. State*, 310 So. 3d 837, 842 (¶12) (Miss. Ct. App. 2021), we confirmed:

> This Court previously held in *Hogan* that "[o]nce the indictment occurs, even had a preliminary hearing not been provided, that question becomes moot." *Hogan v. State*, 730 So. 2d 100, 101 (¶13) (Miss. Ct. App. 1998). The purpose of a preliminary hearing is to explore whether there is probable cause to believe that the defendant has committed an offense. *Id*. The indictment by a grand jury removes the purpose of the hearing, and none need thereafter be conducted. *Id*.

4

Finally, even if Morris had been denied his right to a preliminary hearing, his entry of a valid guilty plea effectively waived this claim. *See Jiles v. State*, 398 So. 3d 928, 933 (¶15) (Miss. Ct. App. 2024). This issue is without merit.

## II. Improper Influence Before the Grand Jury

¶7. Morris contends that he was personally brought before the grand jury on March 8, 2021, by an investigator and charged with attempted kidnapping. But no evidence in the record shows that the grand jury met on March 8. In any event, Morris' claim that the grand jury was improperly influenced was waived by his entry of a valid guilty plea.[1]

¶8. Morris correctly notes that the trial court's order denying him post-conviction relief does not specifically address this claim. In *Morgan v. State*, 995 So. 2d 787, 791 (¶12) (Miss. Ct. App. 2008), this Court stated:

> The statute relating to post-conviction relief includes the following provision: "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified." Miss. Code Ann. § 99-39-11(2) (Rev. 2007). **"Furthermore, where the trial court summarily dismisses the post-conviction relief claim, it does not have an obligation to render factual findings and 'this Court will assume that the issue was decided consistent with the judgment and . . . will not be disturbed on appeal unless manifestly wrong or clearly erroneous.'"** *Culbert v. State*, 800 So. 2d 546, 550 (¶9) (Miss. Ct. App. 2001) (quoting *Par Indus., Inc. v. Target Container Co.*, 708 So. 2d 44, 47 (¶4) (Miss. 1998)).

---

[1] See *Cochran v. State*, 969 So. 2d 119, 123 (¶15) (Miss. Ct. App. 2007), where the court stated:

> A valid guilty plea waives all non-jurisdictional defects to an indictment. *Kincaid v. State*, 711 So. 2d 873, 877 (¶19) (Miss.1998). It does not waive the failure to charge a criminal offense or subject matter jurisdiction. *Id*. at (¶20).

(Emphasis added). In the order denying relief, after addressing several issues raised by Morris in his PCR motion, the trial court stated that the court found "all of Morris's claims to be without merit." We find this issue to be without merit.

### III. Double Jeopardy

¶9. In his PCR motion, Morris argued that all five counts of the indictment arose from a single incident. Therefore, he contends that he was subjected to double jeopardy in violation of the United States Constitution. On appeal, Morris limits his argument to the charges of aggravated stalking and domestic violence. Therefore, he has waived any argument as to the other three counts. *See Summers v. Gros*, 319 So. 3d 479, 485 (¶21) (Miss. 2021) ("Points not argued in the brief on appeal are abandoned and waived.").

¶10. The State contends that Morris' guilty plea waived this claim as well. In support of its argument, the State cites *Ball v. State*, 398 So. 3d 296, 299 (¶¶16-18) (Miss. Ct. App. 2024), where the Court stated:

> Conversely, "a guilty plea does waive a double-jeopardy claim that cannot be proven without contradicting the indictments under which a prisoner pled guilty." [*Knight v. State*, 192 So. 3d 360, 365 (¶15) (Miss. Ct. App. 2016)]. We applied a U.S. Supreme Court decision that "prisoners who plead guilty to 'indictments that on their face described separate crimes' essentially waive the right to contradict 'the admissions inherent in their guilty pleas.'" *Id*. at (¶14) (quoting *United States v. Broce*, 488 U.S. 563, 576 (1989)).
> . . . .
>
> We subsequently applied these rules from *Broce* and *Knight* in a PCR case where a petitioner claimed he was punished three times for the same act of larceny. "'**Just as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does a defendant who pleads guilty to two counts with facial allegations [of] distinct offenses concede that he has committed two separate crimes.**' " *Hooghe v. State*, 244 So. 3d 81, 86 (¶13) (Miss. Ct. App. 2017) (quoting *Broce*, 488 U.S. at 570).

6

(Emphasis added). A review of the indictment and the guilty plea transcript reveals that Morris pled guilty to two counts that, on their face, described two distinct offenses, aggravated stalking and domestic violence. Based on *Ball*, the entry of Morris' guilty pleas waived his double jeopardy argument.

¶11. In any event, Morris was charged with violating two different statutes, and each required proof of a fact that the other did not. For the fourth-offense domestic violence charge in Count V, the State was required to prove a specific relationship between the victim and the defendant and had to prove three prior domestic-violence convictions. Those are not elements the State was required to prove for aggravated stalking as charged in Count II. For aggravated stalking, the State was required to prove a course of conduct, which is not a required element of proof for domestic violence. In *Galvan v. State*, 385 So. 3d 471, 481 (¶26) (Miss. Ct. App. 2023), this Court stated:

> Under *Blockburger*, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." [*Blockburger v. United States*, 284 U.S. 299 (1932)].

The waiver notwithstanding, Morris' claim is without merit because aggravated stalking and fourth-offense domestic violence charges each required proof of a fact that the other did not.

### IV. Attempted Kidnapping Charged in the Indictment

¶12. On appeal, Morris contends that while Count V charged him with attempted kidnapping, it failed to allege that he committed an overt act. However, our review of the indictment shows that an overt act was charged. A portion of Count V states that Morris:

7

did an overt act toward the commission thereof, to-wit: by attempting to take Rhonda Breaux from her residence into the woods near her residence at gunpoint; but he failed therein, in that Rhonda Breaux's neighbors arrived during the attempted kidnapping causing Darrell Ray Morris to abandon the kidnapping attempt . . . .

Based upon the clear language of the indictment, Morris' claim is without merit.

## V. Aggravated Domestic Stalking Charged in the Indictment

¶13. Morris argues on appeal that Count II of the indictment, which charged him with aggravated stalking, was insufficient because the indictment describes a "single act with no pattern or period of time existing in between." Therefore, he argues, the indictment did not allege a "course of conduct." However, Mississippi Code Annotated section 97-3-107(8)(a) (Rev. 2020) defines "course of conduct," as used in the aggravated stalking statute, in part, as follows:

(a) "Course of conduct" means a pattern of conduct composed of a series of two (2) or more acts **over a period of time, however short, evidencing a continuity of purpose** and that would cause a reasonable person to fear for his or her own safety, to fear for the safety of another person, or to fear damage or destruction of his or her property.

(Emphasis added). Count II of the indictment charged that Morris engaged in a course of conduct by tracking the victim's whereabouts using an electronic tracking device and then by placing the victim in fear of death or great bodily harm by pointing a firearm at her. We find that the language of the indictment in Count II properly charges aggravated stalking as defined by the statute. This claim is without merit.

## VI. Domestic Violence Sentence

¶14. Morris contends that his sentence was improperly imposed because there was no

hearing conducted and no proof presented that he had prior domestic violence convictions. The State responds by first arguing, again, that this issue was waived by Morris' entry of a valid guilty plea. The State also points to the admissions Morris made during the course of his entry of pleas of guilty. Count V of the indictment was labeled "Domestic Violence-4th Offense." During the hearing on Morris' petition to enter his guilty pleas, the State advised the court that Morris was

> convicted in the Circuit Court of Jackson County of misdemeanor domestic violence on August 29th of 2010; he was convicted in the Justice Court of Jackson County for the crime of misdemeanor domestic violence on April 5, 2012; and he was convicted of the crime of misdemeanor domestic violence in the Justice Court of Jackson County on September 29th of 1999.

Under oath, Morris admitted that he understood the charge and admitted that he was guilty of "Domestic Violence-4th Offense" as charged in Count V. We find that Morris' admissions were sufficient proof of his prior domestic convictions without the necessity of the State putting on additional proof. *See Parker v. State*, 351 So. 3d 971, 976 (¶14) (Miss. Ct. App. 2022). This issue is without merit.

### VII. Order of Restitution

¶15. Morris admits that restitution was not ordered by the court when imposing his sentence from the bench but points out that the State was given ten days to determine the restitution amount. Morris further admits in his brief that no written order required him to pay restitution, but he argues "the order contemplating restitution constitutes an illegal imposition of sentence." There is no order of restitution in this case. This claim is without merit.

### VIII. Voluntariness of the Guilty Plea

9

¶16.     On appeal, Morris contends that his pleas of guilty were involuntarily given.[2] He first alleges that he was misadvised concerning his eligibility for "early release."[3] He contends that he was told that he would be eligible for release after serving fifteen years, but because of the federal detainer that was in place at the time of his guilty pleas, he is not eligible for "early release." Morris maintained in his petition for relief that had he known he was not eligible for "early release," he would not have pled guilty and would have gone to trial. It is important to note, however, that Morris was indicted in each of the five counts of the indictment as a violent habitual offender pursuant to Mississippi Code Annotated section 99-19-83 (Rev. 2020). Therefore, if he had been convicted at trial of any one of the five counts of the indictment, he would have been facing a possible sentence of life in prison without parole eligibility.

¶17.     The State counters by arguing that Morris did not produce a copy of any federal detainer and did not explain how any federal detainer would make him ineligible for "early release." In any event, the State correctly notes that since all of his Jackson County sentences were ordered to run concurrently, pursuant to Mississippi Code Annotated sections 47-7-3(h)(i)(2) and 47-7-3.2(1)(b) (Rev. 2023), Morris will be parole-eligible after serving fifteen years. To the extent that Morris is referring to earned release supervision (ERS), the policies that he argues on appeal still do not explain why he is automatically ineligible for those

---

[2] While Morris raised several other issues concerning the voluntariness of his guilty plea in his PCR Motion, he argues only two on appeal. Accordingly, as noted above, he has waived all other issues concerning the voluntariness of his guilty pleas.

[3] Morris does not explain whether he is referring to parole eligibility or another form of statutory "early release."

programs. His federal detainer is not due to pending charges, and his state sentences do not include probation or post-release supervision.[4] Morris failed to show that he was misadvised by his attorney concerning either his parole eligibility or his eligibility for ERS.

¶18.    Next, Morris contends that he was not advised of "his constitutional right to protection against self incrimination." On January 19, 2023, the day before Morris entered his pleas of guilty, Morris filed a "Petition to Plead Guilty."[5] In his petition Morris states he was advised of his right to testify or not to testify:

> Do you understand that if you plead guilty, you are waiving your constitutional right against self-incrimination, the constitutional rights I have just asked you about, and all of your constitutional rights?

Morris responded, under oath, "YES," to that question in the petition. During the hearing on his petition, the transcript (which is a part of the appellate record) shows that Morris stated, under oath, that he read and understood the petition. Later during the hearing, Morris acknowledged that he understood his right to remain silent at trial. Finally, Morris advised the court during the guilty plea hearing that he knew all the rights he was waiving by

---

[4] Morris did not attach a copy of a detainer, and we gain the impression that he is referring to the federal revocation order that is contained in the record on appeal. The revocation was based upon Morris' admission that he violated federal probation terms by committing an armed robbery in Jackson County, Mississippi. The armed robbery charge was still pending at the time of his federal probation hearing. The armed robbery charge was related to this event but was dismissed. Pursuant to this order, he was sentenced to serve twenty-four months in federal custody, consecutively to the sentence to be served for state court convictions.

[5] This petition is not a part of the appellate record; however, we take judicial notice of the petition, which was filed on the Mississippi Electronic Courts (MEC) system in Jackson County Circuit Court Cause No. 21-10,045 KJ. This petition is readily available on MEC and cannot reasonably be disputed. *See Jackson v. State*, 394 So. 3d 420, 432 (¶43) (Miss. Ct. App. 2024).

pleading guilty, and he still wanted to enter pleas of guilty to the charges.

¶19.    Based upon our review of the entire record, we find that the circuit court did not err by finding that Morris' pleas of guilty were knowingly, intelligently, and voluntarily made and entered. This issue is without merit.

### IX.    Ineffective Assistance of Counsel

¶20.    In his PCR motion, Morris claimed that he had received ineffective assistance of counsel. Morris' burden proof on this claim is set forth in *Jackson v. State*, 122 So. 3d 1220, 1227 (¶¶32-33) (Miss. Ct. App. 2013):

> To prove ineffective assistance of counsel, Jackson must show that: (1) his counsel's performance was deficient, and (2) this deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The burden of proof rests with Jackson to show both prongs. *McQuarter v. State*, 574 So. 2d 685, 687 (Miss.1990). Under *Strickland*, there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. To overcome this presumption, Jackson must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.
>
> As this case involves a guilty plea, Jackson must show that, but for counsel's performance, he would have gone to trial, and the outcome would have been different. *Mitchell v. State*, 58 So. 3d 59, 62 (¶¶14-15) (Miss. Ct. App. 2011). Jackson has made no such showing.

¶21.    Morris claimed his counsel's performance was deficient for several reasons. First, Morris contends that counsel failed to conduct an investigation into the charges. Second, Morris claims that counsel refused to file certain motions on his behalf. Third, he contends that his counsel never presented him with the State's discovery materials. Fourth, Morris argues that his counsel never reviewed the discovery with him. Fifth, while he was given a

12

plea offer, Morris contends that his attorney failed to go over the plea offer with him. Finally, Morris contends that he was coerced by his attorney to plead guilty.

¶22.   In *Ramsey v. State*, 424 So. 3d 330, 333-34 (¶8) (Miss. Ct. App. 2025), this Court stated:

> "[T]rial courts may place great emphasis upon declarations made under oath by a petitioner for post-conviction relief in open court during the taking of guilty pleas and sentencing." *Townsend v. State*, 344 So. 3d 858, 862 (¶11) (Miss. Ct. App. 2022). "[S]olemn declarations in open court carry a strong presumption of verity." *Id*. Finally, it is well established "that a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial." *Swindoll v. State*, 859 So. 2d 1063, 1065 (¶6) (Miss. Ct. App. 2003) (quoting *Anderson v. State*, 577 So. 2d 390, 391 (Miss. 1991)). Included in these rights are "those secured by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, as well as those comparable rights secured by Sections 14 and 26, Article 3, of the Mississippi Constitution of 1890." *Id*.

In the trial court's order denying Morris' claim for relief, the trial court referenced the guilty plea transcript wherein the petitioner testified, under oath, that his attorney had not made "any kind of threats or promises to you about anything." Morris also testified that he was satisfied with the services of his attorney. The trial court found that Morris had not met his burden.

¶23.   As to Morris' other claims of ineffectiveness, in *Malone v. State*, 379 So. 3d 388, 397 (¶23) (Miss. Ct. App. 2024), this Court stated:

> "[A] voluntary guilty plea waives claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Thomas v. State*, 159 So. 3d 1212, 1215 (¶10) (Miss. Ct. App. 2015) (quotation marks omitted).

Based on the analysis above and our conclusion that Morris' guilty pleas were knowingly,

intelligently, and voluntarily made, we find this issue to be without merit.

## CONCLUSION

¶24.    We find that the circuit court did not err by denying Morris' motion for post-conviction collateral relief.

¶25.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., LAWRENCE, McCARTY, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. WESTBROOKS AND McDONALD, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**